**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

HEATHER D. CARNELL

    Plaintiff,

vs.                                          No.
                                                        JURY TRIAL DEMANDED

HARDEMAN COUNTY GOVERNMENT,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Heather D. Carnell, ("Plaintiff"), and files this Complaint against Defendant, Hardeman County Government, (hereinafter "Defendant") and states as follows:

## NATURE OF CLAIMS

1. Plaintiff Heather Carnell, in case number 1:20-cv-2179 filed suit against her employer, Hardeman County Government for failure to pay overtime in violation of The Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.,* ("FLSA"). On November 10, 2020 in that case, Plaintiff filed a Motion for Leave to Amend Complaint. As a basis for seeking leave to amend the Complaint, Plaintiff asserted that certain individuals, namely the Mayor of Hardeman County had taken action in retaliation for Plaintiff filing the original FLSA Complaint. However, the Court has not ruled on the Motion and Plaintiff is going to be prejudiced by the running of her applicable statute of limitations. As a result, Plaintiff is forced to spend additional money to file a separate lawsuit to protect her rights under the anti-retaliation provision of the Fair Labor Standards Act. 29 U.S.C. § 215.

2. Following the filing of the original complaint in this matter, Defendant took adverse employment action as to Plaintiff Heather Carnell by refusing to provide her with reasonable accommodation that would allow her to perform her job. Further, the reasonable accommodation requested by Plaintiff Carnell has previously been provided by Defendant to other employees. As alleged with greater particularity below, Plaintiff Carnell contends that Defendant Hardeman County Government, retaliated against her by refusing to accommodate her pregnancy related lifting restriction. The adverse employment action by Defendant was in direct retaliation for Plaintiff Carnell having filed this complaint alleging Defendants' violations of the FLSA.

**PARTIES**

3. Plaintiff Heather D. Carnell, is an adult citizen and resident of Madison County, Tennessee. During the applicable statutory period, Plaintiff Carnell was an employee of Hardeman County Government as an Advanced Emergency Medical Technician ("EMT").

4. Defendant Hardeman County Government (the "County"), is a political subdivision of the State of Tennessee, with the power to sue and be sued in its own name. Defendant operates an EMS Department to provide emergency medical services to the citizens and residents of Hardeman County, as well as to other persons within the county in need of emergency medical attention or care. The County may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

5. Plaintiff is a non-exempt employee who worked in excess of forty (40) hours in any given work week, but who did not receive compensation of at least one and a half times her regular hourly wage for any and all overtime hours, who was improperly denied pay for on-call status, and who was required to work more time than was actually included in her compensable

time.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FSLA.

7. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is located within this judicial district and division, and the unlawful labor practices giving rise to the Plaintiff's claims occurred in Hardeman County, Tennessee.

9. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## STATEMENT OF FACTS

10. Plaintiff Carnell has been employed by Defendant's EMS Department since 2012. She has been a certified advance emergency medical technician since June 27, 2012.

11. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the Fair Labor Standard Act.

12. During the applicable time period, the work week for Hardeman County EMT's and paramedics was a seven (7) day work week which began at 00:01 Saturday and ended at 24:00 midnight on Friday each week.

13. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week, generally working one full twenty-four (24) hour shift beginning at 07:00 every fourth day, totaling forty-eight (48) hours per work week for thirty-nine (39) weeks each year. Plaintiff did not receive the correct over-time pay as required by the FLSA, because

Defendant promulgated an unlawful policy that EMS workers were not eligible for overtime compensation unless they worked in excess of forty-eight (48) hours during a one-week pay period.

14. Defendant was aware and had knowledge that Plaintiff was working in excess of forty (40) hours per week, for at least thirty-nine (39) weeks per year.

15. At all times relevant to this Complaint, Plaintiff was not regularly engaged in fire protection or law enforcement activities during her employment with Defendant, nor was she regularly or routinely dispatched to fire suppression or law enforcement situations.

16. In addition, Plaintiff was routinely required to work "off the clock" because she was required to stay after her shift had concluded if she was on an emergency call, transporting someone to a hospital outside of Hardeman County or to complete required reports.

17. Plaintiff was required to be on call every twenty-forth (24th) day immediately following her having worked a twenty-four (24) hour shift. Plaintiff was given notice of her on-call days, weeks in advance and she was disciplined for failure to be available during her on-call time.

18. Plaintiff was not compensated for her on-call time even though she was restricted from effectively using the time for personal use.

19. At all times relevant to this Complaint, Plaintiff was a good and faithful employee of Defendant and consistently performed all essential functions of her job in an acceptable and competent manner.

20. Plaintiff repeatedly complained to officials within the Defendant's County Administration as well as within Defendant's EMS Department about the Department's policies and practices regarding the recording of compensable time and calculating of overtime

compensation; however, Plaintiff was intimidated and coerced to continue working under these unlawful conditions by her immediate supervisors, by the EMS Department Director and the Mayor of Hardeman County.

21. In retaliation for Plaintiff Carnell's filing of the original complaint, Defendant took unlawful and adverse employment actions against Plaintiff Carnell. The unlawful employment practice included failing to accommodate Plaintiff Carnell's lifting restriction because of her pregnancy in retaliation for her having filed this lawsuit.

22. On or about December 1, 2019, Plaintiff Carnell informed the director of the Hardeman County Ambulance Service, Troy Dempsey, that she was pregnant. At that time Dempsey asked Plaintiff Carnell if she thought she would need any accommodations (lift assistance).

23. Following the December 2019 conversation, Plaintiff Carnell and Director Dempsey had further discussions regarding whether or not she would need any lift assistance or other accommodation. Each time, she was assured that any necessary accommodation would be provided.

24. In March 2020 Director Dempsey left a voice message for Carnell and sent her a text message, asking about her pregnancy and maternity leave time frame and if she would need any special accommodations. Plaintiff Carnell advised that she had a doctor's appointment on March 24, 2020, and she would be able to tell him (Dempsey) more following her appointment.

25. Director Dempsey advised Plaintiff Carnell that he wanted to make sure that any accommodations she needed were covered. Up to March 24, 2020, Plaintiff Carnell was led to believe that there would be no problem with her being provided lift assistance during the third trimester of her pregnancy.

26. On March 30, 2020, Plaintiff Carnell went to Director Dempsey and advised that she would need lift assistance for her 7 shifts in April 2020. Director Dempsey stated that he would need a doctor's note stating that it was ok for her to continue working provided she had lift assistance.

27. On March 31, 2020, Plaintiff Carnell provided a doctor's note to Director Dempsey which set forth a lifting restriction and that she could work so long as she had lift assistance.

28. On April 1, 2020, Plaintiff Carnell pulled up her work schedule for the month and saw that she had been removed from 4 of her 7 shifts. Carnell called the assistant director and was told that she would be removed from all shifts once a replacement EMT was found.

29. On April 1, 2020, Plaintiff Carnell was informed that Mayor Jimmy Sain refused to accommodate her lifting restriction as it was not financially feasible.

30. The practice complained of in the above paragraphs has deprived Plaintiff Carnell of her status as an employee because she filed a lawsuit, 1:20-cv-2179 alleging violations of the FLSA by Defendant.

31. Defendant retaliated against and punished Plaintiff Carnell by taking away her work hours which Defendant would not have done had she not filed lawsuit 1:20-cv-2179.

## FIRST CAUSE OF ACTION

(Fair Labor Standards Act – Failure to Pay Overtime Wages)
(Individual and Collective Action)

32. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-31 as if restated herein verbatim.

33. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29

6

U.S.C. § 203(d), because it is a "public agency."

34.     Plaintiff was an employee of Defendant for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

35.     Defendant failed to pay Plaintiff at the rate of one and one-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

36.     Defendant also failed to pay Plaintiff for all compensable time for which Plaintiff provided work for the benefit of Defendant.

37.     Plaintiff is entitled to back wages at the rate of one and one-half times her regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.     Plaintiff is also entitled to an award of back pay at her regular hourly rate for her overtime worked, as appropriate compensation for all time spent in working for Defendant. The aforementioned back pay was wrongfully excluded by Defendant in calculating her compensable time.

39.     Defendant's failure to compensate Plaintiff for overtime worked and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

40.     Plaintiff is also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to her under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.     The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and

preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order of this Court requiring Defendant to preserve such records during the pendency of this action.

42. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

43. Defendant has been unjustly enriched as a result of accepting the work of Plaintiff without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of Plaintiff 's work without proper compensation.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE TENNESSEE PUBLIC PROTECTION ACT T.C.A. §50-2-103(h) AND RETALIATION BY DEFENDANTS IN VIOLATION OF FAIR LABOR STANDARDS ACT

44. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-43 as if restated herein verbatim.

45. Following the filing of lawsuit 1:20-cv-2179, Defendant has conducted a pattern of retaliation as to Plaintiff Carnell solely because she filed a lawsuit alleging violations of the FLSA by Defendant.

46. There is a direct causal connection between Plaintiff Carnell's complaint and the retaliation by Defendant.

47. Plaintiff has retained attorney William C. Sessions with Eskins, King & Marney, P.C. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter judgment for the following relief:

a. A declaratory judgement that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA and has deprived Plaintiff of her rights to such compensation.  Awarding Plaintiff overtime compensation in the amount due to her for her time worked in excess of forty (40) and/or forty (40) hours per week;

b. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiff is entitled.

c. Awarding Plaintiff liquidated damages in an amount equal to overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre and post-judgment interests;

f. Awarding Plaintiff all damages to include back pay and front pay that are available to them under the law;

g. Awarding Plaintiff punitive damages for the retaliatory actions taken by the Employer;

h. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

i. For all such other relief as the Court deems just and equitable and to which they are entitled at law and equity.

PLAINTIFF DEMANDS A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.

Respectfully submitted on this the 20th day of January, 2021.

9

        **ESKINS, KING & MARNEY, P.C.**

By:   <u>/s/ William C. Sessions</u>
      William C. Sessions, III (TN #15017)
      Frances H. Sessions (TN #16896)
      *Attorneys for Plaintiff*
      200 Jefferson Ave, Suite 1510
      Memphis, Tennessee 38103
      (901) 578-6902